STAN S. MALLISON (Bar No. 184191)
   StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
   HectorM@TheMMLawFirm.com
DANIEL C. KELLER (Bar No. 332576)
   DKeller@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| MIYOSHI GARCIA, DIANA PENA PEREZ, DIOCELINA SANCHEZ, GLORIA MARTINEZ SILVA, AND MACARIA MENDOZA, on behalf of the State of California, themselves and all others similarly situated, <br><br>             Plaintiffs, <br><br>       vs. <br><br> M.G. LUNA, INC., WESTLAND FARMS LLC, MARIA GUADALUPE LUNA, MADERA PERSIMMON GROWERS, INC. and DOES 1 through 20, inclusive <br><br>         Defendants. | <u>**SECOND AMENDED COMPLAINT**</u> <br><br> **1. Violation of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA)** <br> **2. Failure to Pay Minimum Wages** <br> **3. Failure to Pay Overtime Wages** <br> **4. Failure to Provide Meal Periods or Premium Wages in Lieu Thereof** <br> **5. Failure to Provide Rest Periods or Premium Wages in Lieu Thereof** <br> **6. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions** <br> **7. Failure to Timely Produce Employment Records Upon Request** <br> **8. Failure to Pay Wages of Terminated or Resigned Employees** <br> **9. Violation of Unfair Competition Law** <br> **10. Enforcement of the California Labor Code Private Attorney General Act** |

1.     Plaintiffs Miyoshi Garcia, Diana Pena Perez, Diocelina Sanchez, Gloria Martinez Silva, and Macaria Mendoza (hereafter referred to as "Plaintiffs") bring this action against M.G. LUNA INC., WESTLAND FARMS, LLC, MARIA GUADALUPE LUNA, MADERA PERSIMMON GROWERS, INC (hereafter referred to as "Defendants") and DOES 1 through 20 and its subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas", or agents, and allege upon information and belief which is based upon the investigation of her counsel, except as to the allegations concerning Plaintiffs, or her counsel, which are made upon Plaintiffs' personal knowledge.

## I.    NATURE OF THE ACTION

2.     This is a wage and hour action to vindicate the rights afforded employees by California labor law. This action is brought by Plaintiffs themselves, and the State of California against Defendants. Plaintiffs' California Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA") claim is brought as an enforcement action on behalf of the state for penalties and other remedies on behalf of the State of California and current and former employees as expressly permitted by that statute. All PAGA administrative requirements have been met for this purpose prior to service of this complaint.

3.     This action revolves around the systemic failure by Defendants to pay California non-exempt employees, including Plaintiffs, in conformance with California law. Defendants have employed Plaintiffs directly or as agents of one another, and/or is liable under California Labor Code §558.1.  Plaintiffs allege that Defendants and some Does are "persons" who violated or caused to be violated California Labor Code §§210 558,1197.1, 2699 (f) and IWC Wage Order 14. As such, Defendants and some Does are liable for penalties and wages which Plaintiffs may seek through PAGA for themselves, current and former employees, and the State of California and are sued solely pursuant to PAGA. Defendant Does and Defendants M.G. LUNA INC., WESTLAND FARMS LLC, MARIA GUADALUPE LUNA and MADERA PERSIMMON GROWERS are collectively hereinafter referred to as the "PAGA Defendants" as they are liable under PAGA as either the employer or a "person" who caused the violation at issue.

4. The core violations Plaintiffs alleged against the Defendants are: (1) violation of the Migrant and Seasonal Agricultural Worker Protection Act; (2) failure to pay all minimum wages owed; (3) failure to pay all overtime wages owed (4) failure to provide meal periods or premium wages in lieu thereof; (5) failure to provide rest periods or premium wages in lieu thereof; (6) knowing and intentional failure to comply with itemized employee wage statement provisions; (7) failure to provide employment records upon request in violation of California Labor Code §226(b); (8) failure to pay wages of terminated or resigned employees; (9) violation of unfair competition law; and (10) enforcement of the California labor code Private Attorney General Act.

5. In addition, pursuant to the Private Attorney General Act ("PAGA"), Labor Code § 2698, *et seq*., Plaintiffs seek penalties for the underlying violations of the Labor Code on behalf of themselves, the State of California and the PAGA Defendants' current and former employees. As held by the California Supreme Court in *Arias v. Sup. Ct.* 46 Cal.4th 969, 986 (2009), aggrieved employees have a substantive right to act as a proxy or agent of the State of California in seeking penalties for the State and Defendant's workforce, and although these aggrieved employees are empowered to do so in a representative fashion, the class action requirements do not apply. As such, for PAGA penalty purposes only, this action is brought on behalf of the PAGA Defendants' entire past and current workforce and California's Labor & Workforce Development Agency ("LWDA") during the relevant time period covered by the statute of limitations which is one year for most PAGA penalties and three years for Labor Code §§ 256, 203 predicate violations plus tolling based upon prior complaints or PAGA notices. Plaintiffs have complied with the administrative requirements pursuant to PAGA by mailing notice to the LWDA and the PAGA Defendants on October 25, 2019. All defendants are liable under PAGA as either an employer or a "person" who caused the violation.

6. California Labor Code §2810.3 imposes liability on client employers for the employers' failure to pay all wages. Defendant M.G. LUNA INC. failed to compensate Plaintiffs and other employees while contracting with Defendant MADERA PERSIMMON GROWERS, INC and other entities. As a result, Defendant MADERA PERSIMMON GROWERS, INC and

other entities are liable for Defendant M.G. LUNA INC.'s failure to pay all wages. Plaintiffs have complied with the notice requirement of Labor Code §2810.3(d) which requires that employers be notified of violations of Labor Code §2810.3(b) by mailing notice to Defendants M.G. LUNA INC. and WESTLAND FARMS LLC on October 25, 2019. Notice was sent to MADERA PERSIMMON GROWES, INC. on December 14, 2020.

## II.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq*.

8.     This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

9.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the Defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

### INTRADISTRICT ASSIGNMENT

11.     This case is properly assigned to the Fresno Division of this Court because the action arose in and around Fresno County, California. Local Rule 120(d).

## III.     PARTIES

**Plaintiffs**

12.     Plaintiff Miyoshi Garcia is a resident of California. Miyoshi Garcia is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq*. as a result of the violations and the harms described herein. She was employed as a non-exempt employee by PAGA Defendants in the Eastern District of California until approximately June 2019.

13.     Plaintiff Diana Pena Perez is a resident of California. Diana Pena Perez is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq*. as a result of the violations and the

harms described herein. She was employed as a non-exempt employee by PAGA Defendants in the Eastern District of California until approximately June 2019.

14.     Plaintiff Diocelina Sanchez is a resident of California. Diocelina Sanchez is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq*. as a result of the violations and the harms described herein. She was employed as a non-exempt employee by PAGA Defendants in the Eastern District of California until approximately June 2019.

15.     Plaintiff Gloria Martinez Silva is a resident of California. Gloria Martinez Silva is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq*. as a result of the violations and the harms described herein. She was employed as a non-exempt employee by PAGA Defendants in the Eastern District of California until approximately July 2019.

16.     Plaintiff Macaria Mendoza is a resident of California. Macaria Mendoza is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq*. as a result of the violations and the harms described herein. She was employed as a non-exempt employee by PAGA Defendants in the Eastern District of California until approximately July 2019.

17.     Plaintiffs are informed and believe and thereon allege that at all relevant times herein that PAGA Defendant M.G. LUNA, INC. is a California corporation.

18.     Plaintiffs are informed and believe, and based thereon allege, that the PAGA Defendants and their subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas," or agents, including Defendant MARIA GUADALUPE LUNA, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of these persons are legally attributable to the PAGA Defendants.

19.     Plaintiffs bring this action pursuant to the California Labor Code §§ 201, 202, 203, 204, 205.5, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 226.7, 256, 510, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199 and the IWC wage order 14, seeking unpaid minimum wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

20.     Pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq*., Plaintiffs also seek injunctive relief, declaratory relief, restitution, and

restitutionary disgorgement of all wages earned by Plaintiffs and other similarly situated employees, but retained by the PAGA Defendants as a result of its failure to comply with the above laws. Plaintiffs are also entitled to attorneys' fees, costs and interest pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

21.     Plaintiffs, on behalf of themselves, and the State of California and pursuant to AWPA, 29 U.S.C. § 1801 *et seq.*, seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

22.     Plaintiffs allege that Defendant MG LUNA INC. is the employer with respect to all Plaintiffs and is liable pursuant to PAGA. Defendant MARIA GUADALUPE LUNA is liable for causing the violations alleged pursuant to Labor Code 558.1 and PAGA. Defendant WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS, INC. are liable for wages pursuant to Labor Code 2810.3.

23.     The PAGA Defendants' failure to compensate non-exempt employees for all "hours worked," includes the failure to pay for all hours worked at the regular rate, failure to pay wages at termination, and failure to pay premium wages in lieu of rest and meal periods in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

24.     Plaintiffs also bring this action against the Defendants pursuant to the California Labor Code Private Attorneys General Act, § 2698 *et seq*. This act provides additional derivative remedies for all of the violations described in this Complaint.

**Defendants**

25.     The following allegations as to Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

26.     At all times relevant, Defendant M.G. LUNA INC., a California Corporation, conducted and conducts business in Fresno County. At all times relevant, Defendant M.G. LUNA INC. owned, controlled or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 14, 8 Cal. Code of Regs. § 11080 and

operated as a direct employer of Plaintiffs in this case. During all relevant times alleged herein, Defendant M.G. LUNA INC. employed Plaintiffs and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of therein.

27.     At all relevant times, Defendant MARIA GUADALUPE LUNA, an individual, conducted and conducts business in Fresno County. At all times relevant, Defendant MARIA GUADALUPE LUNA owned, controlled or operated Defendant MG LUNA INC.

28.     At all times relevant Defendant WESTLAND FARMS LLC, a California Corporation, conducted and conducts business in Kern County.

29.     At all times relevant Defendant MADERA PERSIMMON GROWERS, INC., a California Corporation, conducted and conducts business in Kern County.

30.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant including Does. The Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.     **FACTUAL BACKGROUND**

31.     This action seeks to vindicate the rights of Plaintiffs pursuant to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq*., the California Labor Code, and California Business and Professions Code § 17200 *et seq*. This action is brought on behalf of Plaintiffs and all non-exempt agricultural employees employed in the handling of fresh produce after harvest, or formerly employed, by each of the Defendants within the State of California. The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiffs under federal and California laws for the maximum period allowed to the present, all as set out below. This is also a PAGA action on behalf of the State of California for civil penalties associated with all violations of the California Labor Code at issue relating to all current and former employees in California.

32.     The claims of this lawsuit spring from a pattern of employer misconduct and

wrongdoing that has characterized the labor system in much of the agricultural industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices. The PAGA Defendants herein engaged in the unlawful practices and policies alleged in this complaint, which are widespread and entrenched in the industry. The practices of the industry are common or nearly uniform among many of the major companies which handle produce, at least in part due to grower organizations that spread improper employment practices. The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiffs seeks to represent on a PAGA basis.

33.     Plaintiffs were employed by Defendant MG LUNA INC. in the month of June 2019. Defendant MG LUNA INC. is a farm labor contractor and contracted with Defendant Does, where Plaintiffs and other employees worked cultivating and picking produce. Defendant WESTLAND FARMS LLC rents its property to Defendant MADERA PERSIMMON GROWERS, INC. and Defendant DOES who contract with Defendant MG Luna Inc. to provide a workforce to cultivate and pick produce. Defendant WESTLAND FARMS LLC provides its own supervisor to monitor employees working the property. Plaintiffs Diana Pena Perez, Diocelina Sanchez, Gloria Martinez Silva, and Macaria Mendoza, worked as produce pickers on property owned by Defendant Does picking blueberries. Plaintiff Miyoshi Garcia worked on a farm owned and operated by Defendant WESTLAND FARMS LLC cultivating grapes. On average Plaintiffs were scheduled to begin to pick produce at 6 AM but arrived for work as early at 5:00 AM as they were instructed to by Defendant MG Luna Inc. Plaintiffs shift typically ended at two (2) or three (3) PM. Plaintiffs Diana Pena Perez, Diocelina Sanchez, Gloria Martinez Silva, and Macaria Mendoza were told that they would be paid on a piece rate basis of about $6 per twelve (12) pound bucket. Plaintiff Miyoshi Garcia was told that she was to be paid $13 per hour. During their shift, Plaintiffs did not receive any rest periods or meal periods. Plaintiffs were expected to work through these breaks and were encouraged to do so by Defendant MG LUNA INC. Defendant MG LUNA INC. never compensated Plaintiffs with premium wages for these missed rest and meal periods. In fact, when Plaintiffs left the employ of Defendant MG LUNA INC., they received a paycheck that later bounced. Plaintiffs were never compensated **any** wages for their labor, and they are aware that this

happened to other employees. Defendant MG LUNA INC. also failed to provide any wage statement to Plaintiffs during their tenure with Defendant MG LUNA INC.

34.     For at least four years prior to the filing of this action and through to the present (liability period for the UCL cause of action), Defendant MG LUNA INC. maintained and enforced against Plaintiffs unlawful practices and policies in violation of California wage and hour laws, including but not limited to:

    a.    Failing to compensate Plaintiffs for all hours worked in violation of California law and public policy;

    b.    Failing to provide Plaintiffs with accurate itemized wage statements in violation of California law and public policy;

    c.    Failing to provide Plaintiffs rest periods or premium wages in lieu thereof.

    d.    Failing to provide Plaintiffs meal periods or premium wages in lieu thereof.

    e.    Failing to pay all wages to Plaintiffs at the time of separation or termination in violation of California law and public policy.

    f.    Failing to pay to Plaintiffs statutory penalties pursuant to California Labor Code §§ 201, 202, 203 in violation of California law and public policy.

35.     The PAGA Defendants failed to compensate for all "hours worked" (within the meaning of the Wage Order No. 14-2001) and failed to pay Plaintiffs the minimum wage. This includes, but is not limited to, regular hours worked that were not compensated at minimum wage or agreed upon rates. By their conduct, the PAGA Defendants makes clear that they are intentionally and maliciously subverting California's minimum and overtime wage requirements, resulting in Plaintiffs loss of property that occurred as a result of the PAGA Defendants' payroll policies.

36.     Defendant MG LUNA INC. has failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiffs. Plaintiffs are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

37.     Defendant MG LUNA INC. has failed to provide rest breaks or premium wages in

8

lieu thereof to Plaintiffs as required by California Labor Code §226.7.

38.    Defendant MG LUNA INC. has failed to provide meal periods or premium wages in lieu thereof to Plaintiffs as required by California Labor Code §226.7

39.    The PAGA Defendants have failed to tender all wages owed to Plaintiffs at the time of termination and at each pay period. The PAGA Defendants tendered checks to Plaintiffs that contained insufficient funds and were therefore ultimately uncompensated at the time of termination.

## V.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Violation of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA)**
(28 U.S.C. §§1801 *et seq.*)

(ALL PLAINTIFFS AGAINST MG LUNA INC.)

40.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

41.    At all relevant times, Plaintiffs were "seasonal agricultural workers" within the meaning of the AWPA, 29 U.S.C. §1802 (10)(A) in that they were employed in agriculture of a seasonal nature and were not required to be absent overnight from their permanent places of residence.

42.    At all relevant times, Defendant MG LUNA INC. was an "farm labor contractor" within the meaning of the AWPA, 29 U.S.C. §1802 (7).

43.    Specifically, Defendant MG LUNA INC. operates as a farm labor contractor in Fresno, California and employed seasonal agricultural workers.

44.    Defendant MG LUNA INC. intentionally violated the rights of Plaintiffs and other employees under the AWPA, *inter alia*, by:

    1.    Failing to post notice at the job site stating the workers' rights under AWPA as required by 29 U.S.C. §1831(b) as well as 29 C.F.R. §§500.75(c) and 500.76(d)(1);

    2.    Failing to pay Plaintiffs the wages owed to them when due as required by 29 U.S.C. §1832 (a).

3. Failing to include the basis on which wages are paid, the number of piecework units earned, and the number of hours worked as required by 29 U.S.C. §1831(c)(2) and 29 C.F.R. §500.80(d); and

4. Failing to comply with the working arrangements made by Defendant MG LUNA INC. with Plaintiffs including without limitation the agreement to comply with state laws regarding payment of wages, deductions and withholdings, and reporting and posting requirements in violation of 29 U.S.C. §1832(c).

45. Plaintiffs allege that Defendant MG LUNA INC. communicated the terms of employment to them verbally prior to beginning their employment, which included the payment of wages. Defendant MG LUNA INC. communicated a wage and piece rate to employees in a variety of ways, including on receipts after weighing buckets of blueberries. Plaintiffs Diana Pena Perez, Diocelina Sanchez, Gloria Martinez Silva, and Macaria Mendoza were to be paid $6 per bucket of blueberries, which on average weighed twelve (12) lbs. when full. Plaintiff Miyoshi Garcia was told that she would be paid $13 per hour. However, Plaintiffs were never paid any wages at any point in time during their employment. These terms constituted the communicated working arrangements with these employees and was systematically violated.

46. For each such violation of the AWPA, Plaintiffs are entitled to recover actual damages or up to $500.00 per violation in statutory damages.

47. As a direct and proximate result of Defendant MG LUNA INC.'s actions, Plaintiffs suffered losses in amounts to be determined at trial.

48. WHEREFORE, Plaintiffs requests relief as described herein and below on behalf of themselves and the State of California.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGE
### (Cal. Lab. Code §§ 1197, 1194(a), & 1194.2)

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

49.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage," states:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

50.    Defendants M.G. LUNA INC., WESTLAND FARMS LLC, MARIA GUADALUPE LUNA and MADERA PERSIMMON GROWERS, INC. failed to pay Plaintiffs the minimum wage for all hours worked. In particular, Plaintiffs were required to work on a piece rate basis. Plaintiffs Diana Pena Perez, Diocelina Sanchez, Gloria Martinez Silva, and Macaria Mendoza were to be paid around $6 per twelve (12) pound bucket of blueberries. Plaintiff Miyoshi Garcia was told that she would be paid $13 per hour while working for Defendant MADERA PERSIMMON GROWERS, INC. on land owned and operated by Defendant WESTLAND FARMS LLC. However, Plaintiffs were tendered a check at the end of their employment that had no funds. As such, Plaintiffs did not receive **any** compensation for their labor. This violation of California minimum wage law was substantial and occurred on a daily basis due to the Defendants' employment practices.

51.    California Labor Code §558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for minimum wage violations. *See* Cal. Labor Code §558.1. Defendant MARIA GUADALUPE LUNA, as owner of Defendant MG LUNA INC., failed to pay Plaintiffs the minimum wage and is liable for causing this violation under Labor Code §558.1.

52.    California Labor Code §2810.3 imposes liability on client employers and labor contractors for the employers' failure to pay all wages. Defendant M.G. LUNA INC. failed to compensate Plaintiffs and other employees while contracting with Defendants MADERA PERSIMMON GROWERS, INC. and other entities. As a result, Defendant MADERA PERSIMMON GROWERS, INC. and other entities are liable for Defendant M.G. LUNA INC.'s failure to pay all wages. Plaintiffs have complied with the notice requirement of Labor Code §2810.3(d) which requires that employers be notified of violations of Labor Code §2810.3(b) by mailing notice to Defendants M.G. LUNA INC. and WESTLAND FARMS LLC on October 25, 2019. Plaintiffs also mailed notice to Defendant MADERA PERSIMMON GROWERS, INC. on

December 14, 2020.

53.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiffs for all hours worked in violation of California Labor Code § 1197.

54.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

55.     As such, Plaintiffs may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

56.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission. California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

57.     As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Orders 14. Therefore, Plaintiffs are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

58.     WHEREFORE, Plaintiffs requests relief as described herein and below on behalf of themselves and the State of California.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES
### (CAL. LABOR CODE §§ 510, 1194, 1194.2, IWC WAGE ORDER 14)
(PLAINTIFF MIYOSHI GARCIA AGAINST ALL DEFENDANTS)

59.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

60.     California Labor Code § 510 states:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

61.     The identical provision is found in the applicable IWC Wage Order 8, which is authorized under California Labor Code § 1185.

62.     IWC Wage Orders 14 establishes an eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one workday or forty (40) hours in one work week is to be compensated at one and one-half (1½) times the employees' regular rate of pay. Similarly, IWC Wage Order 8 establishes that time worked in excess of twelve (12) hours is to be compensated at double the employees' regular rate of pay.

63.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

64.     As described herein, the Defendants violated California Labor Code § 510 and IWC Wage Order 14 by failing to pay overtime to employees who were required to work more than 8 hours in one workday or 40 hours in one work week.

65.     California Labor Code § 558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for overtime wage violations. See Cal. Labor Code § 558.1. Defendants failed to pay Plaintiff Miyoshi Garcia and other non-exempt employees all overtime wages and all Defendants are liable for causing this violation under

Labor Code § 558.1.

66.     California Labor Code §2810.3 imposes liability on client employers and labor contractors for the employers' failure to pay all wages. Defendant M.G. LUNA INC. failed to compensate Plaintiff Miyoshi Garcia and other employees while contracting with Defendants MADERA PERSIMMON GROWERS, INC. and other entities. As a result, Defendant MADERA PERSIMMON GROWERS, INC. and other entities are liable for Defendant M.G. LUNA INC.'s failure to pay all wages. Plaintiffs have complied with the notice requirement of Labor Code §2810.3(d) which requires that employers be notified of violations of Labor Code §2810.3(b) by mailing notice to Defendants M.G. LUNA INC. and WESTLAND FARMS LLC on October 25, 2019. Plaintiffs also mailed notice to Defendant MADERA PERSIMMON GROWERS, INC. on December 14, 2020.

67.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Wage Order 14. Defendants are liable for causing the violations as a result of their failure to pay overtime wages as alleged herein.   Therefore, Plaintiff Miyoshi Garcia is entitled to recover overtime wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

68.     WHEREFORE, Plaintiff Miyoshi Garcia request relief as described herein and below.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL PERIODS OR PREMIUM WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§226.7 AND 512)

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

69.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

70.     On information and belief, Plaintiffs were not afforded meal periods as required by California law, since they were routinely required to work during their meal periods or were interrupted, and they were not compensated for these interrupted meal periods.

71. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

72. The applicable wage order issued by the Industrial Welfare Commission is Wage Order 14. Wage Order 14 states with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

73. A similar provision is contained at California Labor Code § 512 and provides:

(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without

providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

74. Defendants MG LUNA INC. and MARIA GUADALUPE LUNA violated California law by failing to provide timely, uninterrupted meal periods mandated by Labor Code § 226.7 and Wage Order 14. Specifically, on a daily basis, Plaintiffs did not receive any meal periods during their shifts. On information and belief, this practice effected other employees as well. Even when Plaintiffs were afforded any time to eat, they only ever received up to fifteen (15) minutes to eat and had to work while on their meal period. Plaintiffs were told to work through their meal periods so that they could earn more money. Plaintiffs were never compensated premium wages for these daily violations. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

75. Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

76. California Labor Code §558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for failing to provide employees with 30-minute uninterrupted meal periods. *See* Cal. Labor Code §558.1. Defendants failed to provide Plaintiffs with any 30-minute uninterrupted meal periods and are therefore liable for causing this violation under Labor Code §558.1.

77. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 14.

78. WHEREFORE, Plaintiffs requests relief as described herein and below on behalf of themselves and the State of California.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO PROVIDE REST PERIODS OR PREMIUM WAGES IN LIEU THEREOF

16

(CALIFORNIA LABOR CODE §§226.7, 558.1, AND WAGE ORDER 14)

(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

79.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

80.    Plaintiffs allege that Defendants did not provide all statutory ten-minute rest periods while in the employ of the Defendants.

81.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

82.    IWC Wage Order 14 states in regard to rest breaks:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

83.    Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours (and so on). For shifts lasting around 8 hours, the first rest break must occur before the meal break and the second rest break, unless other factors render such schedule impracticable.

84.    Defendants violated the applicable Wage Order and California Labor Code §226.7 by failing to authorize and permit the appropriate number of rest breaks, and failing to pay additional rest break wages. Defendants required Plaintiffs to work through their rest periods and failed to pay them premium wages.

85.    Plaintiffs did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion. Defendants did not permit

or authorize Plaintiffs to take rest periods.

86.     California Labor Code §558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for failing to provide employees with uninterrupted rest periods. *See* Cal. Labor Code §558.1. Defendants failed to provide Plaintiffs with any rest periods and is therefore liable for causing this violation under Labor Code §558.1.

87.     As a result of the unlawful acts of the Defendants' actions, Plaintiffs have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, and costs, under Labor Code §§203, 226, 226.7 and 1194. Defendants M.G. LUNA INC. and MARIA GUADALUPE LUNA are liable as the employer for failure to comply with §§226.7 and 1194 as alleged herein and by implication of California Labor Code §558.1.

88.     WHEREFORE, Plaintiffs requests relief as described herein and below on behalf of themselves and the State of California.

## SIXTH CLAIM FOR RELIEF

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
### (CALIFORNIA LABOR CODE §§ 226(B), 1174, 1175)

### (ALL PLAINTIFFS AGAINST DEFENDANTS M.G. LUNA INC. AND MARIA GUADALUPE LUNA)

89.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

90.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

    i)      gross wages earned,

    ii)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    iii)    the number of piece-rate units earned and any applicable piece rate if the

employee is paid on a piece-rate basis,

iv)     all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

v)     net wages earned,

vi)     the inclusive dates of the period for which the employee is paid,

vii)     the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

viii)     the name and address of the legal entity that is the employer, and

ix)     all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

91.    Defendants M.G. LUNA INC. and MARIA GUADALUPE LUNA have failed to provide itemized wage statements to employees, including Plaintiffs.

92.    California Labor Code §558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for failing to provide employees with accurate wage statements. *See* Cal. Labor Code §558.1. Defendant MARIA GUADALUPE LUNA, owner of Defendant MG LUNA INC., failed to provide Plaintiffs with any wage statements and is therefore liable for causing this violation under Labor Code §558.1.

93.    California Labor Code § 226(e) and (g) provide for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

94.    Section 1174 of the California Labor Code require Defendants M.G. LUNA and MARIA GUADALUPE LUNA to maintain and preserve, in a centralized location, among other

items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants M.G. LUNA and MARIA GUADALUPE LUNA have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174. Defendants' failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal.App.3d 721 (1988).

95. By failing to keep adequate time records required by §§ 226 and 1174 (d) of the Labor Code, the Defendants have injured Plaintiffs and have made it difficult to calculate the unpaid wages due, and Plaintiffs and as such Plaintiffs are entitled up to $4,000.00 in penalties.

96. WHEREFORE, Plaintiffs requests relief as described herein and below on behalf of themselves and the State of California.

### SEVENTH CLAIM FOR RELIEF

**FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON REQUEST IN VIOLATION OF CALIFORNIA LABOR CODE §226(b)**
**(CAL. LABOR CODE §226(B))**

(ALL PLAINTIFFS AGAINST DEFENDANT MG LUNA INC.)

97. Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

98. Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

99. Plaintiffs requested that permit inspection or copying of their respective employment records pursuant to Labor Code Section 226(b). Defendant MG Luna Inc. failed to provide Plaintiffs with an opportunity to inspect or copy their respective employment records within 21 days of the requests. *See* Cal. Lab. Code § 226(c). On October 22, 2019, Plaintiffs sent a Labor Code section 226 request to Defendant MG Luna Inc. and it's Registered Agent for Service of Process requesting copies of his employment records. Defendant MG Luna Inc. failed to respond to Plaintiff's request.

100. Pursuant to Labor Code Section 226(f), Plaintiffs are entitled, and hereby seek to recover from Defendant MG Luna Inc. a seven-hundred-fifty dollar ($750) penalty, civil penalties, reasonable attorneys' fees, and the costs of bringing this claim for relief.

101. WHEREFORE, Plaintiff requests relief as described herein and below.

## EIGTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION OR RESIGNATION
(CALIFORNIA LABOR CODE §§ 201, 202 and 203)

(ALL PLAINTIFFS AGAINST DEFENDANTS MG LUNA INC. and MARIA GUADALUPE LUNA)

102. Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

103. California Labor Code §§ 201 and 202 provide for immediate payment of all wages owed at termination of employment.

104. Defendant M.G. LUNA INC. required Plaintiffs to work without compensating them for all wages as described in this complaint and failed to pay these wages at the time of termination or resignation. Consequently, Defendant M.G. LUNA INC. has violated California Labor Code §§ 201 and/or 202.

105. California Labor Code §558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for failing to pay employees their wages at the time of termination or resignation. *See* Cal. Labor Code §558.1. Defendant MARIA GUADALUPE LUNA, owner of Defendant MG LUNA INC., failed to pay Plaintiffs at the time of resignation and is therefore liable for causing this violation under Labor Code §558.1.

106. California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

107.    Defendants MG LUNA INC. and MARIA GUADALUPE LUNA willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, Plaintiffs are entitled to 30-days' worth of wages. "30-days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

108.    In calculating 30-days wages pursuant to California Labor Code § 203, Plaintiffs are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, compensation for work done at hourly rates below the minimum wage, and other compensation due but not received.

109.    More than 30 working days have passed since Plaintiffs have left the Defendant MG LUNA INC.'s employ, and despite this, they have not received payment pursuant to Labor Code § 203. As a consequence of Defendant's MG LUNA INC.'s willful conduct in not paying all earned wages, Plaintiffs are entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages.

110.    WHEREFORE, Plaintiffs request relief as described herein and below on behalf of themselves and the State of California.

### NINTH CLAIM FOR RELIEF

**VIOLATION OF UNFAIR COMPETITION LAW**
(CALIFORNIA BUS. & PROF. CODE §§ 17200, *ET SEQ*.)
(ALL PLAINTIFFS AGAINST M.G. LUNA INC., WESTLAND FARMS LLC, and MADERA PERSIMMON GROWERS, INC.)

111.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

112.    On information and belief, by their policies described above, Defendants M.G. LUNA INC. and WESTLAND FARMS LLC engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq*. The actions of Defendants M.G. LUNA INC., WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS, INC. as alleged within this Complaint, constitute unlawful and unfair business practices, within the meaning of Business and Professions Code §§ 17200 *et seq*. and have caused injury to Plaintiffs. Plaintiffs have lost money or property as a result of Defendants' failure to comply with well-established labor laws.

113.   As a result of their unlawful acts, Defendants MG LUNA INC., WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS, INC. have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs. Defendants MG LUNA INC., WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs the wrongfully withheld wages pursuant to Business and Professions Code § 17203. Plaintiffs are informed and believe and thereon allege that Defendants MG LUNA INC., WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS are unjustly enriched through these unlawful practices.

114.   The unlawful conduct alleged herein is continuing, and there is no indication that Defendants M.G. LUNA INC., WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS, INC. will not continue such activity in the future. Plaintiffs alleges that if Defendants M.G. LUNA INC., WESTLAND FARMS, LLC and MADERA PERSIMMON GROWERS, INC. are not enjoined from the conduct set forth in this Complaint, the Defendants will continue these violations.

115.   Plaintiffs further request that the Court issue a preliminary and permanent injunction requiring the Defendants to comply with the recording keeping requirements under California Labor Laws and providing required safety equipment.

116.   WHEREFORE, Plaintiffs requests relief as described herein and below on behalf of themselves and the State of California.

### TENTH CLAIM FOR RELIEF

**VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004 ("PAGA")**

**(CALIFORNIA LABOR CODE §§ 2698, ET SEQ.)**
(ALL PLAINTIFFS AGAINST DEFENDANTS MG LUNA INC. AND MARIA GUALUPE LUNA)

117.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

118.   Plaintiffs brings this claim for themselves and other current and former employees, as expressly authorized by Labor Code §§ 2699 *et seq*. PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of themselves, current and former employees and the State, without the need to certify a class. For purposes of this claim only,

23

therefore, Plaintiffs brings this claim for themselves, other current and former employees and on behalf of the State of California and need not comply with Class Action Certification.

119.   Plaintiffs are aggrieved employees as defined in Labor Code § 2699(a). Plaintiffs bring this cause on behalf of themselves and other current or former employees affected by the labor law violations alleged in this complaint.

120.   The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to PAGA Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The LWDA refused to timely investigate these violations.

121.   Plaintiffs seek civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for Plaintiffs, other current or former employees and the State for violations of those sections.

122.   Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

123.   Plaintiffs seek penalties due from Defendants MG LUNA INC. and MARIA GUADALUPE LUNA on behalf of themselves, other aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties due pursuant to Labor Code § 558(a) as a result of Defendants' MG LUNA INC. and MARIA GUADALUPE LUNA's violation of the provisions of the Labor Code and Wage Orders 14 and others.

124.   Defendants MG LUNA INC. and MARIA GUADALUPE LUNA are liable to Plaintiffs and "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint.  Plaintiffs are also entitled to an award of attorneys' fees

and costs as set forth below.

125.  Plaintiffs, on behalf of themselves and other current or former employees, request relief as described below.

## VI.  **PRAYER FOR RELIEF**

126.  WHEREFORE, Plaintiffs prays for judgment for Plaintiffs as follows:

127.  For compensatory damages in an amount according to proof with interest thereon;

128.  For economic and/or special damages in an amount according to proof with interest thereon;

129.  For a declaratory judgment that the PAGA Defendants violated the rights of Plaintiffs under AWPA, 29 U.S.C. §1801 *et seq.*, the California Labor Code, and applicable wage orders as set forth in the preceding paragraphs;

130.  An award to Plaintiffs of statutory damages or in the alternative, actual damages for Defendants' violations of AWPA.

131.  For an award to Plaintiffs of statutory penalties and damages or, in the alternative, actual damages for Defendants' violations of the California Labor Code;

132.  That the Defendants' be found to have engaged in unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*;

133.  That Defendants' M.G. LUNA INC., WESTLAND FARMS, LLC, MADERA PERSIMMON GROWERS, INC. be ordered and enjoined to make restitution to Plaintiffs due to their unfair competition, including restitutionary disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

134.  For statutory penalties pursuant to Labor Code § 203, excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq.*;

135.  For premium wages pursuant to Labor Code §§ 226 and 226.7;

136.  For minimum wages pursuant to Labor Code §§1197, 1194(a), 1194.2, and the Wage Orders;

137.  For overtime wages pursuant to Labor Code §§ 510, 1194, and 1194.2.

25

138. For wages, liquidated damages and interest pursuant to the Labor Code § 1194.2;

139. For penalties pursuant to Labor Code § 226.

140. For attorneys' fees, interests, and costs of suit under the California Labor Code including §§ 226, 1194, and pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

141. For attorneys' fees, interests, and costs of suit under the California Labor Code including but not limited to §§ 218.5, 218.6, 226, 248.5(e), 1194, and 2699(g)(1), and pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5, and any other applicable law;

142. For interest under California Labor Code § 218.6 and other remedies;

143. For penalties, restitution of wages, and/or liquidated damages for Plaintiff and other current or former employees pursuant to Labor Code §§ 558, 558.1 and 1197.1.

144. For unpaid wages, liquidated damages, penalties and other relief as provided by the California Labor Code.

145. For civil penalties and further relief as the Court deems just and proper excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq*.

146. For penalties for the State, Plaintiff and other current or former employees pursuant to the Labor Code Private Attorney General Act.

## VII.   **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of their claims by a jury to the extent authorized by law.

Dated:  September 30, 2021                MALLISON & MARTINEZ

By: _____
Stan Mallison, Esq.
Daniel C. Keller, Esq.
Attorney for Plaintiffs

SECOND AMENDED COMPLAINT                    *Case No. 1:20-cv-00190-NONE-HBK*