UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIYOSHI GARCIA, *et. al.* | Case No. 1:20-cv-00190-ADA-HBK |
| Plaintiffs, | ORDER DENYING WITHOUT PREJUDICE ORDER TO SHOW CAUSE |
| v. | |
| WESTLAND FARMS, LLC, *et. al.* | (Doc. No. 17) |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Order to Show Cause. (Doc. No. 17, "Motion"). Plaintiffs submit the declarations of Attorney Juan Garcia in support with exhibits (Doc. No. 17-2, Exhs. A-G) and Paralegal Cesar Juarez with exhibit (Doc. No. 17-10, Exh. A) in support of the Motion. Plaintiffs seek an order directing Defendants Maria Guadalupe Luna and M.G. Luna, Inc. (collectively, the "Luna Defendants") to produce the documents requested under the subpoena and an award of $3, 148.65 for Plaintiffs' attorney fees and costs in bringing this Motion. (*Id.* at 2). Plaintiffs also seek issuance of an order to show cause on the Luna Defendants as to why they should not be held in contempt for their failure to produce documents issued pursuant to a subpoena. (*Id.*).  Because the subpoenas are facially deficient, the Court denies the Motion without prejudice.

I. BACKGROUND

This subpoena-related dispute concerns a putative wage and hour action class action that

1  was filed on February 6, 2020.  (Doc. No. 1, "Complaint").  On March 29, 2020, Plaintiffs served
2  the Luna Defendants with the copy of the summons and Complaint. (Doc. No. 17-2, ¶ 4, Exh.
3  D).  On May 12, 2020, Plaintiffs sent the Luna Defendants a letter informing them that Plaintiffs
4  would seek a default if the Luna Defendants did not respond the the Complaint. (Id., ¶ 5, Exh. E).
5  On August 20, 2020, a clerk's entry of default was entered against the Luna Defendants.  (Doc.
6  No. 11).

7  On October 30, 2020, Plaintiffs' mailed subpoenas to the Luna Defendants requesting (1)
8  payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from
9  February 2016 to the present.  (Doc. No. 17-2, ¶ 2).  On December 4, 2020, Plaintiffs sent the
10 Luna Defendants a letter informing them of their late responses to the subpoena and requested
11 whether the Luna Defendants to respond no later than December 11, 2020.  (*Id*., ¶ 7).   The Luna
12 Defendants neither responded to the subpoena nor the December 11, 2020 letter.  Plaintiffs seek
13 compliance with the October 20, 2020 subpoena, attorney fees incurred in bringing the Motion,
14 and an order to show cause why the Court shall not hold the Luna Defendants in contempt for
15 their failure to comply with the subpoena.

16 II.     ANALYSIS

17 Initially, the Court notes that the Luna Defendants are parties to the action.  The Federal
18 Rules of Civil Procedure distinguish between parties and non-parties in establishing available
19 discovery devices and remedies.  *Jules Jordan Video, Inc.  v. 144942 Canada Inc*., 617 F.3d
20 1146, 1158 (9th Cir. 2010).  Generally, when a party fails to comply with a proper discovery
21 request, the non-offending party moves under Rule 37 for a motion to compel. Fed. R. Civ. P. 37
22 (a)(1).  If granted, the non-offending party is entitled to attorney fees.  *Id*. (a)(5).   Typically,
23 Federal Rule of Civil Procedure 45 Rule 45 subpoenas are used to obtain documents or testimony
24 from non-parties.  Fed. R. Civ. P. 45.  Although the Federal Rules do not specify into which
25 category a defaulted party falls, the Ninth Circuit had held a defaulted party should be treated as
26 non-party.  *Jules*, 617 F.3d at 1159.

27 A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each
28 person to whom it is directed to attend and testify; produce designated, electronically stored

2

information, or tangible things in that person's possession, custody or control; . . .." Fed. R. Civ. P. 45(a)(1)(A) (iii).  "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *McKeon v. Cent. Valley Cmty. Sports Found.*, No. 1:18-CV-00358-BAM, 2019 WL 1208986, at *2 (E.D. Cal. Mar. 14, 2019) (collecting cases).  Serving a subpoena requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1).  "The type of service required for a Rule 45 subpoena is unsettled within [the Ninth] Circuit." *BNSF Ry. Co. v. Alere, Inc.*, 2018 WL 2267144, at *5 (S.D. Cal. May 17, 2018).  Although a majority of courts interpret Rule 45 to require personal service, *Prescott v. Cnty. of Stanislaus,* No. 1:10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan.3, 2012), an increasing number of courts permit substitute service "so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikura Ltd. v. Finistar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).

The Court need not determine whether the October 20, 2020 subpoenas served by mail were properly served, because the subpoenas are facially deficient.  Rule 45 provides:

> The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

Fed. R. Civ. P. 45(a)(3). Although Plaintiffs state that copies of the subpoenas to M.G. Luna Inc. and Maria Guadalupe Luna are attached to the Declaration of Juan Garcia as Exhibit A, Exhibit A contains only the proofs of service of the subpoenas.  (Doc. No. 17-3).   Plaintiffs attach a copy of their December 4, 2020 letters concerning the Luna Defendants failure to respond to the October 30, 2020 subpoenas, which attach copies of both subpoenas. (Doc. No. 17-9 at 3, 6).  The subpoenas are not signed by either the Clerk of the Court or an attorney as required by Rule 45 and are therefore procedurally defective.  Because the Court lacks authority to compel compliance with improperly issued subpoenas, the Motion will be denied without prejudice on this basis. *See Molina v. City of Visalia*, No. 1:13–CV–01991–LJO, 2015 WL 5193579, at *2 (E.D. Cal. Sept. 4, 2015); *Pizana v. Sanmedical Int'l, LLC*, No. 1:18-CV-00644-DAD-SKO, 2021 WL 1060440, at *3 (E.D. Cal. March 19, 2021).

Accordingly, it is **ORDERED**:

Plaintiffs' Motion (Doc. No. 17) is DENIED without prejudice.

Dated:  May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4