UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIYOSHI GARCIA, *et. al.,* on behalf of the State of California, themselves, and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAND FARMS, LLC, *et. al.*<br><br>Defendants. | Case No.  1:20-cv-00190-KES-HBK<br><br>ORDER THAT LUNA DEFENDANTS APPEAR ON MAY 13, 2024 TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA TO PRODUCE DOCUMENTS<br><br>(Doc. No.  50) |

Pending before the Court is Plaintiffs' Motion for an "order to show cause regarding M.G. Luna Inc. and Maria Guadalupe Luna's contempt of subpoena to produce documents" filed March 27, 2024.  (Doc. No. 50, "Motion").  Plaintiffs submit the declarations of Attorney Stan S. Mallison in support with exhibits.  (Doc. No. 50-2, Exhs. 1-5) and Attorney Caroline L. Hill (Doc. No. 50-8) in support of the Motion.  Plaintiffs seek an order directing Defendants Maria Guadalupe Luna and M.G. Luna, Inc. (collectively, the "Luna Defendants") to produce the documents requested under the subpoena and to award $1,345.00 for Plaintiffs' attorney fees and costs in bringing this Motion.  (Doc. No. 50 at 2).  Plaintiffs also seek issuance of an order to show cause on the Luna Defendants as to why they should not be held in contempt for their failure to produce documents issued pursuant to a subpoena.  (*Id*.).  Luna Defendants have not filed an opposition to Plaintiffs' motion and the time to do so has passed.  Local Rule 230(c).  For

the reasons that follow, the Court grants Plaintiffs' Motion in part.

## BACKGROUND

This subpoena-related dispute concerns a putative wage and hour action class action that was filed on February 6, 2020. (Doc. No. 1, "Complaint"). On August 20, 2020, a clerk's entry of default was entered against the Luna Defendants for failure to appear. (Doc. No. 11).

On October 30, 2020, Plaintiffs' mailed subpoenas to the Luna Defendants requesting (1) payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from February 2016 to the present. (Doc. No. 17-2, ¶ 2, Exh. A). On December 4, 2020, Plaintiffs sent Luna Defendants a letter informing them of their late responses to the subpoena and requesting that Luna Defendants to respond no later than December 11, 2020. (*Id*., ¶ 7, Exh. G). Luna Defendants neither responded to the subpoena nor the letter. On December 11, 2020, Plaintiffs filed a motion seeking compliance with the October 20, 2020 subpoena, attorney fees incurred in bringing the motion, and an order to show cause why the Court shall not hold the Luna Defendants in contempt for their failure to comply with the subpoena. (Doc. No. 17). On May 2, 2023, the Court denied the motion without prejudice, as the October 20, 2020 subpoenas were facially deficient. (Doc. No. 40). On June 8, 2022, Plaintiffs' served Luna Defendants with subpoenas again requesting (1) payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from February 2016 to the present. (Doc. No. 50-2, ¶ 3, Exh. 1). Plaintiffs maintain they have not received any documents from Luna Defendants, nor have Luna Defendants served Plaintiffs with any objections to the subpoenas. (Doc. No. 50 at 2).

## ANALYSIS

Initially, the Court notes that the Luna Defendants are parties to the action. The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices and remedies. *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146, 1158 (9th Cir. 2010). Generally, when a party fails to comply with a proper discovery request, the non-offending party moves under Rule 37 for a motion to compel. Fed. R. Civ. P. 37 (a)(1). If granted, the non-offending party is entitled to attorney fees. *Id*. (a)(5). Alternatively, Federal Rule of Civil Procedure 45 subpoenas are used to obtain documents or testimony from non-

parties. Fed. R. Civ. P. 45. Although the Federal Rules do not specify into which category a defaulted party falls, the Ninth Circuit has held a defaulted party should be treated as non-party. *Jules*, 617 F.3d at 1159.

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to whom it is directed to attend and testify; produce designated, electronically stored information, or tangible things in that person's possession, custody or control; . . .." Fed. R. Civ. P. 45(a)(1)(A) (iii). "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *McKeon v. Cent. Valley Cmty. Sports Found.*, 2019 WL 1208986, at *2 (E.D. Cal. Mar. 14, 2019) (collecting cases). Serving a subpoena requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "The type of service required for a Rule 45 subpoena is unsettled within [the Ninth] Circuit." *BNSF Ry. Co. v. Alere, Inc.*, 2018 WL 2267144, at *5 (S.D. Cal. May 17, 2018). Although a majority of courts interpret Rule 45 to require personal service, *Prescott v. Cnty. of Stanislaus,* No. 1:10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan.3, 2012), an increasing number of courts permit substitute service "so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikura Ltd. v. Finistar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).

Although properly served with the June 8, 2022 subpoena, the Luna Defendants have failed to respond by providing the requested documents. The June 8, 2022 subpoenas served on the Luna Defendants complied with the substantive requirements of Rule 45. (Doc. 50-3, Exh. 1) The subpoenas each indicate they were issued by the United States District Court for the Eastern District of California, state the title of this action along with the civil-action number, and set out the text of Rule 45(c), (d), (e), and (g). The subpoenas command Luna Defendants to produce (1) payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from February 2016 to the present. (*Id.*). Service was made on the Luna Defendants at 13490 8th Street, Parlier, CA 93648, and was accepted by Laura Luna, a person of suitable age and discretion. (*Id.*).

Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served,

fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Adequate excuse" is not a defined standard. *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 1991 Amendment. Instead, it is factually dependent. *Sanchez v. Albertson's, LLC*, 2022 WL 656369, at *8 (D. Nev. Mar. 3, 2022) (citing *Residential Constructors, LLC v. Ace Property and Casualty Ins. Co*., 2006 WL 8442461, at *4 (D. Nev. Aug 8, 2008) (compiling cases)). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696–97; *see also Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1342 (8th Cir. 1975).

A contempt charge against a nonparty may be of a criminal or civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 778 (9th Cir. 1983). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013). The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). However, in general, "the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp. v. Execuair Corp*., 953 F.2d 510, 517 (9th Cir. 1992).

To establish civil contempt, Plaintiffs must show by clear and convincing evidence that Luna Defendants violated a specific order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiffs satisfy that burden, the burden shifts to Luna Defendants to show that they took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012). Here, Plaintiffs have established that Luna Defendants violated a specific and definite order of the court by failing to produce documents pursuant to a duly issued subpoena. Thus, Plaintiffs' motion for an order to show cause why Luna Defendants should not be held in contempt is GRANTED. *See Morgutia-Johnson v. City of Fresno*, 2015 WL 1021123, at *2 (E.D. Cal. Sept. 16, 2010) (finding proper procedure for nonparty subpoena compliance is to issue an order to

4

show cause). Plaintiffs' request for attorney fees is premature and DENIED without prejudice; however, Luna Defendants are advised that in addition to other sanctions, an award of attorney fees is a possible contempt sanction. *See Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at *5 (D. Nev. May 22, 2015) (finding reasonable costs and attorney's fees is an appropriate sanction pursuant to Federal Rule of Civil Procedure 30(d) when a "unrepresented, non-party" failed to comply with a court order to produce post-default discovery).

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion for Order to Show Cause (Doc. No. 50) is GRANTED.
2. **Within fourteen (14) days from the date of service of this Order,** the Luna Defendants shall produce the following documents for the period February 2016 to the present as requested under the June 8, 2020 Subpoena: (1) payroll; (2) timekeeping; (3) employee files; and (4) wage statements for all employees;
3. The Luna Defendants are further ORDERED to appear before the undersigned on **May 13, 2024 at 1:00 P.M.** in Courtroom 2, 8th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721 to SHOW CAUSE why they should not be held in contempt and why the court should not impose sanctions, including awarding Plaintiffs reasonable attorney fees, for their failure to comply with the subpoena and previously produce the aforementioned documents;
4. Failure to comply with this order to show cause may subject Luna Defendants to contempt sanctions, including monetary sanctions and an award of attorney fees; and
5. Plaintiff is directed to effect service of this Order on Luna Defendants by no later than April 22, 2024, and to file proof of service of this order by no later than April 29, 2024.

Dated: April 17, 2024

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5