UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIYOSHI GARCIA, *et. al.,* on behalf of the State of California, themselves, and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>M.G. LUNA, INC., WESTLAND FARMS, LLC, MARIA GUADALUPE LUNA, MADERA PERSIMMON GROWERS, INC.,<br><br>Defendants. | Case No. 1:20-cv-00190-KES-HBK<br><br>CERTIFICATION OF FACTS AND FINDINGS AND RECOMMENDATIONS TO HOLD LUNA DEFENDANTS IN CONTEMPT AND AWARD ATTORNEY FEES AND COSTS TO PLAINTIFF<br><br>SHOW CAUSE HEARING: AUGUST 2, 2024 |

This matter is before the Court on Plaintiff's Motion for Order to Show Cause why contempt sanctions should not issue against defaulted Defendants, M.G. Luna Inc. and Maria Guadalupe Luna (the "Luna Defendants') for their failure to timely comply with June 8, 2022 subpoenas duces-tecum and the April 17, 2024 Order by this Court. (Doc. Nos. 50, 58).[1] As

---

[1] Notably, the Luna Defendants are parties to the action. The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices and remedies. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). Generally, when a party fails to comply with a proper discovery request, the non-offending party moves under Rule 37 for a motion to compel. Fed. R. Civ. P. 37 (a)(1). If granted, the non-offending party is entitled to attorney fees. *Id.* (a)(5). Typically, Federal Rule of Civil Procedure 45 Rule 45 subpoenas are used to obtain documents or testimony from non-parties. Fed. R. Civ. P. 45. Although the Federal Rules do not specify into which category a defaulted party falls, the Ninth Circuit had held a defaulted party should be treated as non-party. *Jules*, 617 F.3d at 1159.

1   relief, in addition to compelling the production of the documents requested, Plaintiffs seek an
2   award of $1,345.00 for Plaintiffs' attorney fees in bringing the Motion and unspecified sanctions
3   for Luna Defendants failure to comply with or otherwise respond to the subpoenas and the
4   Court's April 17, 2024 Order (Doc. No. 52) compelling the Luna to comply with the June 8, 2022
5   subpoenas.  *(See generally* Doc. Nos. 50, 58).  The Luna Defendants have not opposed the
6   Motion nor otherwise responded to the Court's April 17, 2024 Order.

7   For the reasons stated below, the undersigned recommends the district court GRANT the
8   Motion, AWARD Plaintiffs their reasonable attorney fees incurred as a result of Luna
9   Defendants' failure comply with the Court's April 17, 2024 Order directing they comply with the
10  subpoena, and ORDER the Luna Defendants to appear at a hearing to show cause why they
11  should not be held in contempt.  Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned
12  certifies facts to the district court in support of the finding that further contempt proceedings are
13  warranted.

14  **I.     BACKGROUND**

15  This subpoena-related dispute concerns a putative wage and hour action class action that
16  was filed on February 6, 2020.  (Doc. No. 1, "Complaint").  On August 20, 2020, a clerk's entry
17  of default was entered against the Luna Defendants for their failure to appear or defend this
18  action. (Doc. No. 11).

19  On October 30, 2020, Plaintiffs mailed subpoenas to the Luna Defendants requesting (1)
20  payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from
21  February 2016 to the present.  (Doc. No. 17-2, ¶ 2, Doc. No. 17-9 at 3, 6).  On December 4, 2020,
22  Plaintiffs sent Luna Defendants letters informing them of their late responses to the subpoena and
23  requesting the Luna Defendants to respond no later than December 11, 2020.  (*Id.*, ¶ 7, Exh. G).
24  The Luna Defendants neither responded to the subpoenas nor the letters.  On December 11, 2020,
25  Plaintiffs filed a motion seeking compliance with the October 20, 2020 subpoena and
26  reimbursement of their attorney fees incurred in bringing the motion, and an order to show cause
27  why the Court shall not hold the Luna Defendants in contempt for their failure to comply with the
28  subpoena.  (Doc. No. 17).  On May 2, 2023, the Court denied the motion without prejudice

finding the October 20, 2020 subpoenas were procedurally defective. (Doc. No. 40 at 3) (noting that the subpoenas were not signed by either the Clerk of Court or an attorney as required by Rule 45).

On June 8, 2022, Plaintiffs filed Notice of Intent to Serve Subpoena on the Luna Defendants with the Court. (Doc. No. 32). The same day, Plaintiffs personally reserved the Luna Defendants with Rule 45 subpoenas requesting again (1) payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from February 2016 to the present. (Doc. No. 50-2, ¶ 3; 50-3 at 2-21, Exh. 1). The records are "critical to proving Plaintiffs' [wage and hour] claims." (Doc. No. 50-2, ¶ 7). After not receiving a response to the subpoenas from the Luna Defendants, Plaintiffs filed the Motion to Show Cause seeking, *inter alia*, an order compelling the Luna Defendants to comply with the June 8, 2022 subpoenas. (Doc. No. 50 at 2). Consequently, on April 17, 2024, after finding no opposition from the Luna Defendants and that the subpoenas complied with the substantive requirements of Rule 45 and were properly served, the undersigned granted Plaintiff's Motion to the extent the Court directed "[w]ithin fourteen (14) days from the date of service of this Order, the Luna Defendants shall produce the following documents for the period February 2016 to the present as requested under the June 8, 2020 Subpoena: (1) payroll; (2) timekeeping; (3) employee files; and (4) wage statements for all employees." (Doc. No. 52 at 5, ¶2). The undersigned further ordered the Luna Defendants to appear before the undersigned to show cause why they should not be held in contempt and why the Court should not impose further sanctions including reasonable attorney fees for their failure to previously comply with the subpoena. (Doc. No. 52, "Order"). In the Order, the undersigned directed Plaintiffs to effect service of the Order no later than April 22, 2024, and to file proof of service of the Order no later than April 29, 2024. (*Id*.). Plaintiffs timely filed the proof of service (Doc. No. 56); however, Plaintiffs did not effect service of the Order until April 25, 2024. (Doc. No. 57). On May 13, 2024, Plaintiffs appeared before the undersigned for a show cause hearing. (*Id*.). The Luna Defendants did not appear at the hearing. (*Id*.). Because the undersigned found Plaintiff did not timely serve the April 17, 2024 Order, the undersigned noted the Luna Defendants had until May 14, 2024 to comply with the Court's April 17, 2024 Order. (*Id*.). The

undersigned directed Plaintiffs to file a notice advising whether Luna Defendants complied with the April 17, 2024 Order and provide a memorandum and relevant declarations regarding the amount of attorney fees sought in connection with filing the motion for an order to show cause, no later than May 20, 2024. (*Id*.). On May 20, 2024, Plaintiffs filed a memorandum advising that the Luna Defendants failed to produce the requested documents, and counsel's declaration in support of attorney fees as a sanction for non-compliance with the subpoena duces tecum served on June 8, 2022. (Doc. No. 58).

## II.    APPLICABLE LAW

### A. Civil Contempt

"Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." *Balla v. Idaho State Bd. Of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."[2] Fed. R. Civ. P. 45(g). "Adequate excuse" is not a defined standard. *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 1991 Amendment. Instead, it is factually dependent. *Sanchez v. Albertson's, LLC*, 2022 WL 656369, at *8 (D. Nev. Mar. 3, 2022) (citing *Residential Constructors, LLC v. Ace Property and Casualty Ins. Co.*, 2006 WL 8442461, at *4 (D. Nev. Aug 8, 2008) (compiling cases)). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696–97; *see also Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

A contempt charge against a nonparty may be of a criminal or civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*,

---

[2] As determined by the undersigned in the April 17, 2024 Order, Luna Defendants are parties to the action; however, as determined by the Ninth Circuit, a defaulted party should be treated as a non-party. (Doc. No. 52 at 3). Thus, Plaintiffs served the June 8, 2022 subpoena duces tecum on Luna Defendants in order to obtain documents pursuant to Federal Rule of Civil Procedure 45.

4

721 F.3d 1122, 1131 (9th Cir. 2013). The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). However, in general, "the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Moreover, "[a] civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before the payment of the fine or other sanction becomes due." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012).

To establish civil contempt, the moving party must show by clear and convincing evidence that the alleged contemnors violated a specific order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the alleged contemnor to show that they took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See id.; see also Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012).

**B. Magistrate Judge Authority**

Absent consent by the parties, magistrate judges lack authority over civil contempt proceedings except in limited circumstances, none of which are applicable here. *See* 28 U.S.C. § 636(e); *Bingman v. Ward*, 100 F.3d 653, 656-57 (9th Cir. 1996). A magistrate judge may only investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge. 28 U.S.C. § 636(e)(6); *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). Specifically, upon finding an act constituting a civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

5

28 U.S.C. § 636(e)(6)(B)(iii); *see also Grimes v. City & Cnty. Of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (noting that § 636 "requires a magistrate judge to refer contempt charges to a district court judge."). "Essentially, the magistrate judge's role is to determine whether the movant has established a prima facie case of contempt – i.e., whether the movant has shown by clear and convincing evidence that the party or nonparty has violated a court order." *Delorme v. Big Think Capital, Inc.*, 2023 WL 8125766, at *3 (C.D. Cal. Oct. 18, 2023).

### III. CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

(1) the June 8, 2022 subpoenas complied with the applicable procedural requirements of Federal Rule of Civil Procedure 45 (Doc. No. 52);

(2) The June 8, 2022 and were properly served via personal service on the Luna Defendants (Doc. No. 50-3 at 2-21, Exh. 1);

(3) the Luna Defendants did not provide documents responsive to Plaintiffs' subpoena, move the quash the subpoenas, or otherwise offer any excuse for failing to comply with subpoenas (Doc. No. 50-2, ¶4);

(4) on March 27, 2024, Plaintiffs filed a Motion for an Order to Show Cause regarding the Luna Defendants' contempt of the subpoenas to produce documents (Doc. No. 50);

(5) on April 17, 2024, the undersigned issued an Order granting Plaintiffs' Motion to the extent the undersigned directed the Luna Defendants to produce the documents identified in the June 8, 2022 subpoenas within fourteen (14) days after service of the Order, and appear at the May 13, 2024 hearing to show cause why contempt sanctions should not issue (Doc. No. 52);

(6) the Luna Defendants did not comply with the April 17, 2024 Order directing them to produce documents pursuant to the subpoenas (Doc. No. 58-1, ¶3);

(7) the Luna Defendants did not appear at the May 13, 2024 show cause (*see* Minutes from May 13, 2024 Show cause Hearing, Doc. No. 57);

1        (8) the Luna Defendants did not otherwise respond to Plaintiff's Motion for Order to
2            Show Cause why contempt sanctions should not issue (s*ee generally* docket);
3        (9) the Luna Defendants have made no attempt to provide an explanation for its
4            nonappearances and noncompliance with court orders (s*ee generally* docket).

5    Based on these facts, the undersigned recommends that the Luna Defendants be held in
6    civil contempt and sanctioned. The Luna Defendants have failed to comply with clear and
7    definite court orders—both the June 8, 2022 subpoena and the Court's April 17, 2024 Show
8    Cause Order. *See Martinez*, 2012 WL 699462, at *2 ("Subpoenas issued by attorneys are issued
9    on behalf of the court and thus are treated as orders of the court."). The Luna Defendants also did
10   not appear for the May 13, 2024 show cause hearing as ordered by the undersigned. At no point
11   did the Luna Defendants object to the subpoena or otherwise seek relief from compliance with the
12   Court orders. Nor did the Luna Defendants file an opposition to Plaintiffs' Motion for Order to
13   Show Cause. Based on these facts, Plaintiffs have shown by clear and convincing evidence that
14   Luna Defendants violated specific orders of the court and the undersigned recommends the
15   district court order Luna Defendants to appear before it to show cause why they should not be
16   adjudged in contempt by reason of these facts.

17                        **IV.    SANCTIONS**

18   **A. Plaintiff Should Be Awarded Reasonable Attorney Fees and Costs**

19   Because the Luna Defendants failed to respond to the June 8, 2022 subpoenas and the
20   Court's April 17, 2024 Order compelling their compliance with the subpoenas, and otherwise
21   failed to address why they were unable to comply, the district court must consider the appropriate
22   remedy. First, if the Court holds the Luna Defendants in contempt, the undersigned recommends
23   that Plaintiffs be awarded attorney fees incurred due to the Luna Defendants' failure to respond to
24   the June 8, 2022 subpoenas and the Court's April 17, 2024 Order compelling compliance with the
25   subpoenas. *See Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at *5
26   (D. Nev. May 22, 2015) (finding reasonable costs and attorney's fees is an appropriate sanction
27   pursuant to Federal Rule of Civil Procedure 30(d) when a "unrepresented, non-party" failed to
28   comply with a court order to produce post-default discovery); *Bademyan v. Receivable*

*Management Services Corp.*, 2009 WL 605789, at *4 (C.D. Cal. Mar. 9, 2009) ("The Ninth Circuit has held that a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs."); *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("a court may impose attorney's fees against a non-party as an exercise of the court's inherent power"). Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Bademyan,* 2009 WL 605789, at *4 (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

As directed by the undersigned, Plaintiffs' counsel submitted for the Court's consideration a memorandum and declaration as to their request for attorney fees sought in connection with the motion for order to show cause. (Doc. No. 57, 58). Plaintiff's counsel seeks an award for $1,345.00 for total billable time spent by the Mallison & Martinez law firm. (Doc. No. 58). The billable time encompasses $1,345.00 for 2.5 hours worked by attorney Caroline L. Hill at an hourly rate of $538.00. (Doc. No. 58-1, 58-2). Plaintiff's counsel provided the court with the time entries detailing counsel's efforts in this matter (Doc. No. 58-2). The entries do not indicate time was unreasonably expended. Further, attorney Caroline L. Hill submitted a declaration that the requested hourly rate was "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984); *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate). Ms. Hill is a fourth-year associate with experience in employment matters, and her requested hourly rate of $538.00 appears commensurate with hourly rates in the Bay Area community for attorneys with similar experience. (*See* Doc. No. 58-1). Because both the time spent and rate requested are reasonable, the undersigned recommends Plaintiff's counsel be awarded $1,345.00 in attorney's fees incurred to date in connection with the Motion for Order to Show Cause.

**B. Additional Sanctions to Ensure Compliance and Opportunity to Purge**

Second, the Court must consider the appropriate sanction to compel the Luna Defendants to comply with the June 8, 2022 subpoenas if they continue their noncompliance. The undersigned recommends Luna Defendants should be given fourteen (14) days from the date of service of this Certification of Facts and Findings and Recommendation to fully comply with the June 8, 2022 subpoenas and the Court's April 17, 20204 Order, or to show why compliance is impossible. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("In a civil contempt proceeding … a [contemnor] may assert a present inability to comply with the order in question. While the court is bound by the enforcement order, it will not be blind to evidence that compliance is factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the [contemnor] has a burden of production."). Should Luna Defendants fail to purge itself of contempt prior to the expiration of this fourteen (14) day period, the undersigned recommends the Court impose a $200 a day fine on the Luna Defendants, payable to the Clerk of Court for the Eastern District of California until they comply with the subpoena. *See Erickson v. Builder Advisor Group LLC*, 2022 WL 3109587 (N.D. Cal. Jul. 6, 2022) (collecting cases imposing fines of $200-$250 a day until contemnor complies with subpoenas).

Accordingly, it is **ORDERED:**

1. The Luna Defendants appear before the Court on **August 2, 2024 at 1:30 P.M.** before U.S. District Judge Kirk E. Sherriff, Courtroom 6, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721 to SHOW CAUSE why they should not be held in contempt and why the court should not impose sanctions, including awarding Plaintiffs reasonable attorney fees, for their failure to comply with the June 8, 2022 subpoenas the Court's April 17, 2024 Order.

2. **Plaintiffs are directed to serve a copy of these Certification of Facts and Findings and Recommendations upon the Luna Defendants no later than July 3, 2024 and file proof of service with the Court**.

////

9

3. Pursuant to the "purge" condition, the Luna Defendants shall have fourteen (14) days from the date of service of these Certification of Facts and Findings and Recommendations to fully comply with the June 8, 2022 subpoenas or show by clear and convincing evidence why compliance is impossible.

4. Plaintiffs shall immediately inform the Court if the Luna Defendants comply with the June 8, 2022 subpoenas.

It is further **RECOMMENDED**:

1. The district court GRANT the Motion (Doc. No. 50) and award reasonable attorney fees of $1,345.00 incurred to date to Plaintiffs related to the issuance and service of the Rule 45 subpoena and the Motion for an Order to Show Cause.  Plaintiff may be directed to submit an updated memorandum, with supporting declarations, as to additional reasonable attorney fees incurred and related to the Order to Show Cause if necessary.

2. If the Luna Defendants fail to avail themselves of the purge condition prior to the expiration of the (fourteen) 14-day period, the district court impose a fine on the Luna Defendants of $200 a day payable to the Clerk of Court for the Eastern District of California until Luna Defendants comply with the subpoena.

3. Plaintiff be directed to file weekly status reports for the first twenty-eight (28) days after the fine is imposed and permit Plaintiffs to petition the Court thereafter for an extension of the daily fine or other appropriate relief as necessary.

////

////

### **NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The assigned

District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   June 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE