UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIYOSHI GARCIA, *et al.*, on behalf of the State of California, themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>M.G. LUNA, INC., WESTLAND FARMS, LLC, MARIA GUADALUPE LUNA, MADERA PERSIMMON GROWERS, INC.,<br><br>Defendants. | No. 1:20-cv-00190-KES-HBK<br><br>ORDER ADOPTING CERTIFICATION OF FACTS AND FINDINGS AND RECOMMENDATIONS, AND HOLDING DEFENDANTS M.G. LUNA AND LUNA IN CONTEMPT AND AWARDING ATTORNEY'S FEES TO PLAINTIFFS<br><br>Doc. 59 |

The assigned magistrate judge ordered defaulted defendants M.G. Luna, Inc. and Maria Guadalupe Luna ("Luna defendants") to show cause why they should not be held in contempt for their failure to timely produce records pursuant to plaintiffs' subpoenas. Docs. 52, 59. The procedural history of this case is set out more fully in the magistrate judge's June 26, 2024 certification of facts and findings and recommendations. Doc. 59. In summary, on June 8, 2022, plaintiffs personally served defendants M.G. Luna and Luna with subpoenas under Federal Rule of Civil Procedure 45, seeking records in connection with this action. Doc. 59 at 2–3, 6. The Luna defendants did not produce records or otherwise respond to the subpoenas. *Id.* at 6. Plaintiffs subsequently moved for an order to show cause as to why the Luna defendants should

not be held in contempt. *Id.* On April 17, 2024, the magistrate judge found that the subpoenas were valid and had been properly served and directed the Luna defendants to either comply with the subpoenas or show cause why they should not be held in contempt. Doc. 52. The Luna defendants again failed to comply with the subpoenas and did not appear at the May 13, 2024, hearing on the order to show cause. Doc. 57.

The magistrate judge issued findings and recommendations on June 26, 2024, certifying the facts constituting a civil contempt, *see* 28 U.S.C. § 636(e)(6), and recommending that defendants M.G. Luna and Luna be held in civil contempt and sanctioned. Doc. 59. The magistrate judge recommended that defendants be provided with an opportunity to purge this finding of civil contempt by either fully complying with the June 8, 2022, subpoenas within 14 days or showing by clear and convincing evidence why compliance would be impossible. *Id.* at 10. She also recommended granting plaintiffs' request for attorneys' fees, and—if defendants failed to comply with the purge condition—imposing a $200 daily fine on defendants, payable to the Clerk of Court for the Eastern District of California. *Id.* The magistrate judge recommended that plaintiffs file weekly status reports for up to 28 days following imposition of the fine, with an option "to petition the Court thereafter for an extension of the daily fine or other appropriate relief." *Id.* The findings and recommendations were served upon the Luna defendants and included a notice that any objections were to be filed within 14 days of service. *Id.* No objections have been filed, and the time to do so has expired.

The Luna defendants were ordered to appear before the undersigned on August 2, 2024, to show cause why they should not be held in contempt and why sanctions should not be ordered. *Id.* at 9. A hearing was held on August 2, 2024, but the Luna defendants failed to appear. Defendants Luna and M.G. Luna have failed to provide an explanation for their nonappearances and noncompliance with the court's orders.

The court has conducted a de novo review of this matter under 28 U.S.C. § 636(b)(1). Having carefully reviewed the matter, the court finds the magistrate judge's findings and recommendations to be correct, well-reasoned, and thorough, and adopts them in full except as modified below.

Plaintiffs shall personally serve a copy of this order on defendants M.G. Luna and Luna and shall file a proof of service with the court. Within 14 days of the date on which they are served with this order, the Luna defendants shall either comply fully with the subpoenas or file a brief and supporting evidence demonstrating, by clear and convincing evidence, that compliance is impossible.

If defendants M.G. Luna and Luna fail to comply with the 14-day deadline, then they shall owe a fine of $200 per day for 28 days or until they comply fully with the subpoenas, whichever is sooner. The $200 per day fine is payable jointly and severally by defendants M.G. Luna and Luna. Fines shall be payable to the Clerk of Court, United States District Court for the Eastern District of California. After 28 days, plaintiffs may petition the court for an extension of the daily fine or other appropriate relief. The court will not require the weekly status reports recommended by the magistrate judge, but it does order the plaintiffs to immediately inform the court if defendants M.G. Luna and Luna comply with the subpoenas.

Plaintiffs are awarded reasonable attorneys' fees of $1,345.00 as recommended by the magistrate judge. Plaintiffs may also submit an updated memorandum, with supporting declaration(s), if they seek additional reasonable attorneys' fees and costs incurred as to this matter since the issuance of the June 26, 2024 findings and recommendations.

IT IS SO ORDERED.

Dated:   August 2, 2024

UNITED STATES DISTRICT JUDGE

3