UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIYOSHI GARCIA, *et. al.,* on behalf of the State of California, themselves, and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAND FARMS, LLC, *et. al.*<br><br>Defendants. | Case No. 1:20-cv-00190-KES-HBK<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO SERVE DEFENDANT M.G. LUNA, INC. THROUGH THE CALIFORNIA SECRETARY OF STATE<br><br>(Doc. No. 73) |

Pending before the Court is Plaintiffs' application for an order authorizing service of Defendant M.G. Luna, Inc. via California Secretary of State under California Corporations Code § 1702. (Doc. No. 73, "Motion"). Plaintiffs submit the declaration of Attorney Caroline L. Hill with exhibits in support of the Motion. (Doc. No. 73-1, Exhs. 1-4). In their application, Plaintiffs seek approval to make alternative service on Defendant M.G. Luna, Inc. by serving the California Secretary of State pursuant to the California Corporations Code § 1702(a), contending that despite reasonably diligent efforts they have been unable to complete service pursuant to California Code of Civil Procedure §§§§ 415.10, 415.20, 415.30, 416.10(a)-(b). For the reasons that follow, the Court grants Plaintiffs' application.

**BACKGROUND**

This putative wage and hour action class action was filed on February 6, 2020 against

1  Defendants M.G. Luna, Inc. ("Defendant Luna"), Maria Guadalupe Luna, and Westland Farms
2  LLC.  (Doc. No. 1, "Complaint").  On August 20, 2020, a clerk's entry of default was entered
3  against Defendant Luna for failure to appear.  (Doc. No. 11).
4  　　　　On October 30, 2020, Plaintiffs' mailed subpoenas to the Defendant Luna requesting (1)
5  payroll; (2) timekeeping; (3) employee files; and (4) and wage statements for all employees from
6  February 2016 to the present.  (Doc. No. 17-2, ¶ 2, Exh. A).  Defendant Luna did not respond.
7  (Doc. No. 52 at 2).  On June 8, 2022, Plaintiffs served Defendant Luna again with the same
8  subpoenas.  (Doc. No. 32).  Plaintiff maintains that Defendant Luna did not respond or file an
9  objection to the request for documents.  (Doc. No. 73-1 at 2).  The Court ordered Defendant Luna
10  to appear in order to show cause why they should not be held in contempt for failure to comply
11  with subpoenas to produce documents.  (Doc. No. 52).  Defendant Luna did not appear at the
12  show cause hearing.  (Doc. No. 57).  On June 26, 2024, the undersigned entered certification of
13  facts and findings and recommendations to hold Defendant Luna in civil contempt and
14  sanctioned; and ordered Defendant Luna to appear before the Court to again show cause as to
15  why the court should not impose sanctions including attorney fees.  (Doc. No. 59).  Defendant
16  Luna did not appear.  (Doc. No. 62).  On August 2, 2024, the Court adopted the undersigned's
17  certification of facts and findings and recommendations, held Defendant Luna in civil contempt,
18  and awarded attorney fees to Plaintiffs. (Doc. No. 63, "Order").  In the Order, the Court directed
19  Plaintiffs ***to personally serve*** a copy of the Order on Defendant Luna and file a proof of service
20  with the Court.  (*Id*. at 3, emphasis added).

## APPLICABLE LAW AND ANALYSIS

22  　　　　Federal Rule of Civil Procedure Rule 4(h)(1)(A) allows for service on a corporation in the
23  manner prescribed by Rule 4(e)(1) for serving an individual.  Fed. R. Civ. P. 4(h)(1)(A).  Rule
24  4(e)(1), in turn, provides that a plaintiff may serve an individual by "following state law for
25  serving a summons in an action brought in courts of general jurisdiction in the state where the
26  district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).
27  　　　　Pursuant to California law, when a plaintiff cannot with "reasonable diligence" locate a
28  designated agent or any other person authorized to receive service, California Corporations Code

§ 1702(a) permits an application for a court order that service be made by hand delivery to the California Secretary of State.

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

al. Corp. Code § 1702(a). "[A]s a condition precedent to the issuance of an order for such substituted service a plaintiff's affidavit must establish that 'the corporation cannot be served with the exercise of due diligence in any other manner provided by law.'" *Viewtech, Inc. v. Skytech USA, Inc.*, 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007) (citing *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958)). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to assess whether plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' … denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.").

Here, Plaintiffs' counsel submitted a declaration in support of the pending application that Plaintiffs have made diligent attempts to serve the Court's Order on Defendant Luna's registered agent for service of process. (Doc. No. 73-1). First, Plaintiffs attempted to serve Defendant Luna at the address listed for its agent Maria Guadalupe Luna on its most recent Statement of Information, 13490 8th Street, Parlier, CA 93648, but they were unable to effect service of the Court's Order after multiple attempts. (Doc. No. 73-1 at 2, ¶¶ 5-6, Exhs 1-2) (noting Defendant

3

1 Luna is an inactive corporation according to the California Secretary of State's website, and the
2 most recent Statement of Information was filed in 2019)). Plaintiffs investigated possible
3 alternative addresses via Accurint search and other internet searches but were unsuccessful. (*Id*.
4 at ¶ 7). Next, Plaintiffs located an updated address for agent Maria Guadalupe Luna as part of an
5 active bankruptcy case in the United States Bankruptcy Court for the Eastern District of
6 California (Case No. 24-10003-B-7), 5571 E. Christine Ave., Fresno, CA, 93727. (*Id*. at ¶ 8).
7 Plaintiffs attempted personal service of the Court's Order on individual Maria Guadalupe Luna as
8 agent of Defendant Luna at this new address, but all attempts have been unsuccessful. (*Id*. at ¶ 9,
9 Exh 3-4). Finally, Plaintiffs attempted to effectuate service pursuant to California Code of Civil
10 Procedure § 416.10 on "the president, chief executive officer, or other head of the corporation, a
11 vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller of
12 chief financial officer, a general manager, or a person authorized by the corporation to receive
13 service of process." Cal. Civ. Proc. Code § 416.10(b). However, after an online search, Plaintiffs
14 were unable to locate any individuals fitting these descriptions that would be authorized to accept
15 service for Defendant Luna. (*Id*. at ¶¶ 10-11).

16 Based on the foregoing, the Court finds Plaintiffs have adequately demonstrated that the
17 designated agent cannot be served with reasonable diligence in the manner provided by California
18 Code of Civil Procedure §§§ 415.10, 415.20, 415.30; or upon the corporation in the manner
19 provided by § 416.10. Thus, the Court will grant Plaintiffs leave to serve Defendant Luna by
20 service upon the California Secretary of State pursuant to under California Corporations Code §
21 1702(a).

22 Finally, at the January 30, 2025 status conference counsel for Defendants Westland
23 Farms, LLC and Madera Persimmon Growers, Inc. conceded that further attempts at agreeing on
24 a mediator are unnecessary as any attempt at mediation would be futile without the documents
25 requested in the June 8, 2022 subpoenas. (Doc. No. 75). Thus, the Court will direct Plaintiffs to
26 file a status report every ninety (90) days from the date of this order updating the Court as to their
27 ability to locate and serve Defendant Luna with the Court's August 2, 2024 Order.
28 ////

Accordingly, it is **ORDERED**:

1. Plaintiffs' Application to serve Defendant M.G. Luna, Inc. by serving the California Secretary of State under California Corporations Code § 1702(a) (Doc. No. 73) is GRANTED.
2. Plaintiffs shall file a "Notice of Service of the California Secretary of State" within thirty (30) days from the date of this Order.
3. Plaintiff shall file a status report every ninety (90) days from the date of this Order advising the Court as to the status of effecting service on Defendant M.G. Luna, Inc.

Dated:    February 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5